UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY HARRINGTON MORTIS, | ) CASE NO. CV 13-1584-AG (PJW) |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) SHOULD NOT BE DISMISSED |
| LARRY SMALL, WARDEN, | ) |
| Respondent. | ) |

On February 27, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, seeking to challenge his 1991 state convictions for kidnapping for robbery, attempted oral copulation, robbery, escape from juvenile hall, grand theft of a vehicle, unlawful taking of a vehicle, aiding and abetting escape, and three counts of forcible rape in concert, and resultant sentence of life plus 44 years and two months in prison. (Petition at 2; Memorandum of Points and Authorities in Support of Petition at 2-6.)

In the Petition, he claims that the trial court improperly cross-examined him and precluded his mother from testifying, a detective gave false testimony, there was no evidence to support a firearm use enhancement or the trial court's finding that he was unfit to be dealt

with in juvenile court, the trial court failed to make a written record justifying the imposition of consecutive sentences, California Penal Code § 4532(b) was improperly applied to him, and trial and appellate counsel were ineffective. (Petition at 6 and attached page.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). For prisoners like Petitioner, whose convictions became final before the enactment of the statute of limitations on April 24, 1996, the one-year period began on that date and ended a year later in April 1997.[1] *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until February 2013, almost 16 years after the deadline.

IT IS THEREFORE ORDERED that, no later than **April 8, 2013**, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED:  March 7, 2013

*Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\MORTIS, B 1584\OSC dismiss pet.wpd

---

[1] Petitioner's conviction became final in May 1994, 90 days after the California Supreme Court denied review and the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See, e.g., Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).

2